[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Application for review of sentence imposed by the Superior Court, Judicial District of Hartford. Date of Sentence: October 5, 1989; Date of Application: October 17, 1989; Date Application Filed: October 19, 1989; Date of Decision: January 26, 1999.
Docket No. CR 14-53902;
Paula Waite, Esq., Defense Counsel, for Petitioner
Carl E. Taylor, Esq., Assistant State's Attorney, for the State.
Sentence Affirmed.
Following a trial by jury, the petitioner, then 25 years of age, was convicted of Robbery, 1st degree (§ 53a-134) and Assault 1st degree (§ 53a-59).
He was sentenced to the maximum penalty of 20 years on each count, consecutive, for a total effective sentence of 40 years.
The factual basis for the conviction is found in State v.Torres, 24 Conn. App. 318-319 (1991), as follows:
On November 20, 1988, the victim, Orlando Vega, and Hector Gonzalez helped their friend, Manny Vega, move from West Hartford to Hartford. They finished moving at approximately 10 p. m., and went to a bar. They each had one drink before proceeding to the Friendship Cafe' between 10:30 and 11 p. m. After having several drinks, Manny Vega and Orlando Vega left the Friendship Cafe' to get a pizza, and Gonzalez remained at the bar to play pool. When Manny Vega and Orlando Vega returned to the Friendship Cafe to pick up Gonzalez, it was closing and they were not allowed to enter. They knocked on the window and eventually Gonzalez left the bar. Reunited, the three men started toward Orlando Vega's CT Page 2700 truck when they encountered a group of people who began shouting obscenities at them. At that point, the defendant left the group and charged at Gonzalez, attempting to strike him. The defendant's blow went astray, and Gonzalez knocked him to the ground. While the defendant was on the ground, he pulled out a gun, aimed it at Gonzalez, and squeezed the trigger several times. The .45 caliber automatic pistol did not discharge because it did I not contain an ammunition clip. A woman who was standing nearby tossed a clip to the defendant, who loaded the gun. Although Gonzalez fled, the defendant began shooting at him; nevertheless, Gonzalez escaped without being hit.
After Gonzalez escaped, the defendant hit Orlando Vega across the jaw with the gun knocking him to the ground. Manny Vega attempted to help his friend, but was stopped by another member of the group who was holding a shotgun. The defendant then began kicking Orlando Vega in the face with metal tipped boots and went through his pockets. The defendant told the man holding the shotgun to keep Manny Vega there so that he could do the same to him, but the man with the shotgun told Manny Vega to run. As Manny Vega ran away, the defendant fired several shots at him.
Orlando Vega was taken from the scene of the attack to a hospital. His injuries seriously threatened his life, and he remained comatose for nearly one month. He suffered multiple lacerations, a fractured jaw, and a traumatic brain injury. He required a tracheotomy, stitches for lacerations on his mouth and ears, and surgery on his jaw, which was also wired shut. His head injury has left lasting residual effects. Orlando Vega was forced to undergo extensive rehabilitation that included relearning how to walk and how to write. Despite this rehabilitation, he still requires the use of a cane, and continues to suffer from impaired vision, slurred speech and memory loss.
Petitioner's counsel argues that the sentence is overly severe in that the victim was not shot, and although he survived the sentence is the equivalent of a murder sentence. She points out the petitioner was deep into drugs at the time, that he comes from a wretched home environment where physical abuse was commonplace.
The state's attorney stresses the severity of the crime, the permanent impact to the victim and his family and the petitioner's length; record in asking the Division to affirm the sentence. CT Page 2701
Whatever the causes, it is clear that the petitioner is an extremely dangerous individual with little if any, regard for human life. He has convictions for assault, assaulting a police officer in 1981 which resulted in a 2-1/2 to 5 year sentence, burglaries, larcenies, an assault 1st degree conviction in 1984, and violations of both probation and parole. His record repeatedly shows that within a few months of being released from incarceration, he is charged with new crimes. He has been almost continuously incarcerated since 1981 and has shown an inability to live within the rules of a civilized community.
At an earlier sentencing, the petitioner prophetically told the court that "It is important to keep me off the streets."
As the sentencing court stated, there is nothing in the petitioner' s background in mitigation of a sentence. There is strong reason to isolate the petitioner because of the danger he represents and the cruel nature exhibited by him.
Reviewing this sentence pursuant to § 43-28 of the Practice Book we find it to be appropriate and not disproportionate. It is affirmed.
Klaczak, Miano and O'Keefe, J.s, participated in this decision.